## DEMING *v.* CARLISLE PACKING COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF WASHINGTON.

No. 511. Submitted November 4, 1912.—Decided December 2, 1912.

Even though the record may present in form a Federal question the writ of error will be dismissed if it plainly appear that the Federal question is so unsubstantial and devoid of merit as to be frivolous.

In this case the only Federal question was based on the refusal of

the state court to remove the cause as to the non-resident defendants on the ground of fraudulent joinder of the resident defendant and is frivolous as shown by the fact that the trial court refused to nonsuit as to the resident defendant and there was a verdict against all.

Where the case is not removable before trial, plaintiff has the right to have the issues of fact and law raised determined in the state court having jurisdiction, and the power of the state court to so determine cannot be destroyed by defendants' claim that if the evidence had been rightly weighed the decision would have been different.

Where the state court has jurisdiction, the Federal court cannot deny the state court the right to exercise it.

The unsubstantial and frivolous character of the only Federal question presented in this case embraces the conclusion that the writ was prosecuted for delay.

The power which this court can exercise under one of its own rules depends upon the statute on which the rule is based.

Under Rule 23, which is based on § 1010, Rev. Stat., this court has the same power to award damages for delay where the writ of error is dismissed as where there is judgment of affirmance; and in this case five per cent. damages are imposed in addition to costs.

Writ of error to review, 62 Washington, 455, dismissed.

THE facts, which involve the jurisdiction of this court of writs of error to state courts, and the power of this court to award damages for delay where the writ of error is dismissed, are stated in the opinion.

*Mr. Charles W. Dorr, Mr. A. B. Browne, Mr. S. M. Bruce* and *Mr. Hiram E. Hadley,* for defendant in error, in support of the motion.

*Mr. James A. Kerr* and *Mr. E. S. McCord,* for plaintiff in error, in opposition thereto.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The Carlisle Packing Company, a corporation of the State of Washington, sued in a court of that State Deming and the two corporations who with him are the plaintiffs in error on this record. Deming was a citizen and resident of the State of Washington and the corporations were

alleged to be citizens of States other than Washington. The defendants were sued jointly for a violation by them of a contract alleged to have been jointly made for the purchase of salmon. There was a joint answer by the defendants putting at issue the material allegations of the complaint. There was a jury trial. When the Carlisle Company rested, motions for nonsuit were separately made on behalf of each of the defendants and overruled.

After the defendants had offered their proof and the case was ripe for submission, the counsel for the two corporate defendants presented a petition and bond for the removal of the cause to the proper Federal court and asked that the bond be approved and further proceedings be stayed. The asserted right to remove proceeded upon the assumption that Deming had been fraudulently joined as a defendant for the purpose of preventing the two non-resident defendants from removing the case. This was supported by the contention that the proof as offered left no doubt that Deming had made the contract declared on merely as the agent of the two corporations and was therefore not personally bound. In denying the petition to remove, the trial judge directed attention to the fact that the motion made at the close of the plaintiff's proof for a nonsuit in favor of Deming had been denied because the court was of opinion that there was evidence to go to the jury on the question of the liability of that defendant and further observed that the situation in this respect had not been altered by the testimony introduced for the defendants. The cause was submitted to the jury upon instructions which, among other things, left it open to find against less than all of the defendants if the jury believed that the contract had not been made with all. There was a verdict for the plaintiff against all the defendants, and a judgment entered thereon was affirmed by the Supreme Court of the State. 62 Washington, 455. The appellate court, among other things, decided that no

error had been committed in overruling the motions for nonsuit and in denying the petition to remove, and in substance held that the plaintiff had the right to join Deming as a party defendant.

The prosecution of this writ of error is based upon the assumption that a Federal question was involved in the refusal to grant the petition for removal. In view, however, of the well settled and indeed now elementary doctrine that although a record may present in form a Federal question, a motion to dismiss will be allowed where it plainly appears that the Federal question is of such an unsubstantial character as to cause it to be devoid of all merit and therefore frivolous we think it is our duty to grant a motion to dismiss which has been here made. We reach this conclusion because the case was not a removable one when it was called for trial. Not being removable before trial, the plaintiff had the right to have the issues of fact and law raised determined in the state court which had jurisdiction over the cause. This power could not be destroyed by the mere act of the defendants, or one of them, in asking a removal based upon the assumption that if the evidence in the case was properly weighed and the legal principles applicable were correctly applied there would result a condition from which a right to remove would arise. On its face the assertion of such a right involved two propositions, whose unsubstantial character is made manifest by their mere statement: *a.* that the state court had jurisdiction over the cause, but had no right to exercise that jurisdiction; *b.* that a Federal court could endow itself with jurisdiction over a cause to which its authority did not extend by disregarding the pleadings and wrongfully assuming the right to revise the decision of the state court on matters of an absolutely non-federal character which that court had the right to decide. Nor is there force in the suggestion that the right to remove under the circumstances stated finds support in the ruling

in *Powers* v.. *Chesapeake & ·Ohio Ry. Co.*, 169 U. S. 92, since in‾that case a separable° controversy on the face of the record arose at the opening of the trial consequent on the discontinuance by the plaintiff of his action as against the resident defendant· whose joinder had up to that time made the action non-removable. The difference between that case, and the one here presented is apparent and at the time the petition for removal was presented and this writ of error was sued out had been pointed out in decisions of this court. *Whitcomb* v. *Smithson*, 175 U. S. 635; · *Alabama Southern Ry.* v. *Thompson*, 200 U. S. 206, 217; *Illinois Central R. R. Co.* v. *Sheegog*, 215 U. S. 308. .

Dismissing the writ of error, as we shall therefore do for the reasons stated, it remains to consider whether we should grant a prayer for damages for delay which has been made. That the unsubstantial and frivolous character of the only Federal question relied upon of necessity embraces the conclusion that the writ was prosecuted for delay is in our opinion indubitable. Does the power to award damages for delay exist where a writ of error is dismissed because of the unsubstantial and frivolous character of the asserted Federal right and the conclusive inference that the writ was prosecuted for mere delay which arises from sustaining such ground for dismissal? is then the question. That the comprehensive text of rule 23, embracing as it does "all cases" where a writ of error shall appear to have been sued out for mere delay, brings this case within its purview is obvious. But as the power which the rule expresses depends upon Rev. Stat., § 1010, we must consider the subject in the light of the statute. The power conferred is to impose damages for delay in cases "where, upon a writ of error, judgment is affirmed in the Supreme Court. . ."

It has been decided that where there was no power on a motion to dismiss to consider whether a case was prosecuted for delay only that a prayer for dismissal on such

ground could not be allowed and damages could not be awarded. *Amory* v. *Amory*, 91 U. S. 356. But the mere statement of the doctrine demonstrates that it rested upon the obvious proposition that a decree would not be made to embrace subjects which the court was not empowered to consider in determining whether the relief asked for should be awarded. This doctrine has no application here since by a line of cases announced subsequent to the decision in *Amory* v. *Amory*, it has come to be settled that on a motion to dismiss it is the duty of the court to consider whether an asserted Federal question is devoid of merit and unsubstantial either because concluded by previous authority or because of its absolutely frivolous nature, and if it is found to be of such character to allow a motion to dismiss. This being true as the conclusion that a writ of error has been prosecuted for delay is the inevitable result of a finding that it has been prosecuted upon a Federal ground which is unsubstantial and frivolous, it follows that the question of delay is involved in and requires to be considered in passing upon a motion to dismiss because of the frivolous character of the Federal question. The decisions of this court also leave it no longer open to discussion that where it is found that a Federal question upon which a writ of error is based is unsubstantial and frivolous the duty to affirm results.

We have then this situation, the finding that a particular ground—that is, the frivolity of the Federal question—exists indifferently justifies either a judgment of affirmance or an order of dismissal. *Chanute City* v. *Trader*, 132 U. S. 210; *Richardson* v. *Louisville & N. R. Co.*, 169 U. S. 128; *Blythe* v. *Hinckley*, 180 U. S. 333, 338; *New Orleans Water Works Company* v. *Louisiana*, 185 U. S. 336, 345; *Equitable Life Assurance Society* v. *Brown*, 187 U. S. 308. The want of substantial difference between the two, as well as the rule which should determine the practice to be followed in awarding, in such a case, one or

the other, either affirmance or dismissal, was pointed out in the *Equitable Case*. Thus, the court said (187 U. S. 314):

"From the analysis just made, it results that although a Federal question was raised below in a formal manner, that question, when examined with reference to the averments of fact upon which it was made to depend, is one which has been so explicitly decided by this court as to foreclose further argument on the subject and hence to cause the Federal question relied upon to be devoid of any substantial foundation or merit. . . . It is likewise also apparent from the analysis previously made that even if the formal raising of a Federal question was alone considered on the motion to dismiss, and therefore the unsubstantial nature of the Federal question for the purposes of the motion to dismiss were to be put out of view, the judgment below would have to be affirmed. This follows, since it is plain that as the substantiality of the claim of Federal right is the matter upon which the merits depend, and that claim being without any substantial foundation, the motion to affirm would have to be granted under the rule announced in *Chanute* v. *Trader, Richardson* v. *Louisville & N. R. Co.* and *Blythe* v. *Hinckley, supra*. This being the case, it is obvious that on this record either the motion to dismiss must be allowed or the motion to affirm granted, and that the allowance of the one or the granting of the other as a practical question will have the like effect, to finally dispose of this controversy. . . . As this is a case governed by the principles controlling writs of error to state courts, it follows that the Federal question upon which the jurisdiction depends is also the identical question upon which the merits depend, and therefore the unsubstantiality of the Federal question for the purpose of the motion to dismiss and its unsubstantiality for the purpose of the motion to affirm are one and the same thing, that is, the two questions are therefore absolutely coterminous. Hence,

in reason, the denial of one of the motions necessarily involves the denial of the other, and hence also one of the motions cannot be allowed except upon a ground which also would justify the allowance of the other."

Stating that in such a case the determination whether a judgment of affirmance would be awarded or an order of dismissal be allowed involved nothing whatever of substance, but mere form of statement, as the two were the equivalent one of the other, it was observed that the better practice, where the question was not inherently Federal, was to adopt the form of allowing a motion to dismiss, the court, on the subject of the inherently Federal question, referring to *Swafford* v. *Templeton,* 185 U. S. 487, 493.

The enquiry then narrows itself to this: Does the power to award the damages for delay which the statute confers in cases of affirmance give the authority to exert the power where, in form, there is no judgment of affirmance but only an order of dismissal? To say that the duty to impose the statutory damage in such a case did not exist would require us to hold that things which were one and the same must be held to be different, and that the statute did not extend to and include that which in substance it embraced, because, by adhering blindly to mere form of words, the statute might be treated as not extending to an authority embraced within its spirit and purpose. No more cogent demonstration of the truth of this view could be given than by pointing out that if the proposition were not true it would follow that in no case could this court, without operating injustice, grant a motion to dismiss because of the frivolous and unsubstantial nature of the alleged Federal ground. This would be the case since if greater right would be conferred by affirming on such ground, the duty would arise to follow that practice instead of the practice of dismissing. Indeed, the subject is further aptly illustrated by directing attention to the fact that it is not questioned that the power here obtains

to direct the imposition of the penalty if the result of our conclusion that the Federal ground was frivolous be followed by an affirmance instead of an order of dismissal. Because of the absolute coincidence between a dismissal on account of the frivolous and unsubstantial character of the Federal question relied upon and an affirmance upon the same ground, we are of opinion that the statutory authority to impose the penalty obtains in either case. In stating the reasoning which has led us to this conclusion we have not been unmindful of, although we have not reviewed, a line of cases concerning the nature and extent of the power to impose costs in the case of a dismissal for want of jurisdiction. See *Citizens' Bank* v. *Cannon*, 164 U. S. 319, 323, and cases cited. We have not deemed it necessary to do so because nothing in the reasoning of those cases tends to affect the substantial identity which exists between a decree of dismissal and one of affirmance where the ground upon which one is placed equally justifies either form of decree.

In consequence of the conclusion which we have reached as above stated we direct the imposition of a penalty, in addition to interest, of five per cent. on the amount of the judgment recovered below and the taxation of costs as upon an affirmance.

*Writ of error dismissed with damages; etc.*