## UNITED STATES EX REL. BROWN *v.* LANE, SECRETARY OF THE INTERIOR.[1]

### APPLICATION FOR ALLOWANCE OF WRIT OF ERROR.

No.    Submitted February 24, 1914.—Decided March 2, 1914.

Although, on the face of the record, this court may have jurisdiction to review a judgment, the right of review does not obtain where the formal questions presented by the record are absolutely frivolous and devoid of all merit. *Consolidated Turnpike Co.* v. *Norfolk &c. Ry. Co.*, 228 U. S. 596.

The foregoing rule heretofore generally announced in regard to cases coming from state courts, applies to cases coming from the Court of Appeals of the District of Columbia under the third and fifth paragraphs of § 250, Judicial Code.

Vesting the Secretary of the Interior with power not only to appoint members of a tribal council of an Indian tribe but also with the power to remove such members for good cause to be by him determined, is not unconstitutional because it permits such removal without notice or hearing, nor does it deprive a member so removed of any property rights without due process of law in violation of the Fifth Amendment.

Under § 9 of the act of June 28, 1906, dividing the lands and funds of the Osage Indians and providing for the appointment by the Secretary of the Interior of a tribal council, the authority to remove members from such council for good cause to be by him determined is not qualified by necessity of notice or hearing to the members so removed.

Writ of error to review 40 App. D. C. 533, denied.

THE facts, which involve the jurisdiction of this court to review judgments of the Court of Appeals of the District of Columbia and the construction of the Osage Indian Act of 1906, are stated in the opinion.

*Mr. Andrew Wilson, Mr. Albert L. Wilson* and *Mr. James P. Schick* for plaintiff in error.

---

[1] Original docket title United States *ex rel.* Brown *v.* Fisher, Secretary of the Interior.

Memorandum opinion by direction of the court.  By Mr. Chief Justice White.

The act of June 28, 1906, c. 3572, 34 Stat. 539, 545, entitled "An Act for the division of the lands and funds of the Osage Indians in Oklahoma Territory, and for other purposes" in its ninth section provided among other things for a tribal council composed of eight persons.  The members of this council were to be chosen at an election whose date was fixed and which was to be conducted in the manner directed by the Commissioner of Indian Affairs, provision being made for the biennial recurrence of such election and consequently for a two years' term for the members of the council.  The provision, however, creating the council contained this express qualification: "And the Secretary of the Interior is hereby authorized to remove from the council any member or members thereof for good cause, to be by him determined."  On January 2, 1913, the Secretary of the Interior, in the exertion of the power thus conferred, by a formal order removed "each and every member of the council."  It was declared in the order that the power exercised was exerted for good cause, and this statement was followed by a specification of various acts of misfeasance or nonfeasance, which it was deemed rendered the removal necessary.  Among those who were thus removed, was A. H. Brown, the relator, who shortly after the action of the Secretary, that is, in February, 1913, commenced proceedings by mandamus to vacate the order on the ground that it had been made without previous notice and without affording an opportunity to be heard and to defend, and therefore was not authorized by the statute, and if it was authorized was void because repugnant to the due process clause of the Fifth Amendment.

The trial court denied the relief and the Court of

Appeals of the District in affirming such action held that the statute conferred upon the Secretary power to remove without necessity of notice or hearing and moreover that as so construed the statute was not in conflict with the Constitution (40 App. D. C. 533). This application for the allowance of a writ of error is before us because of the reference of the same to the court by the Chief Justice to whom it was primarily presented.

The asserted right to the writ is based upon the third, fifth and sixth paragraphs of § 250 of the Judicial Code: the third conferring the right to review "in cases involving the construction or application of the Constitution of the United States, or the constitutionality of any law of the United States"; the fifth giving such right "in cases in which the validity of any authority exercised under the United States, or the existence or scope of any power or duty of an officer of the United States is drawn in question"; and the sixth also giving the right to review in cases "in which the construction of any law of the United States is drawn in question by the defendant." On the face of the record from a merely formal point of view it is apparent that the case as presented is embraced within both the third and fifth paragraphs. But it is elementary that where the jurisdiction depends upon the presence of controversies of a particular character or the existence of prescribed questions or conditions, substance and not mere form is the test of power and therefore even in a case where the requisite for jurisdiction formally exists the right to review does not obtain where it is evident that the formal questions as presented by the record are so wanting in substance as to cause them to be frivolous and devoid of all merit. *Consolidated Turnpike Co.* v. *Norfolk &c. Ry. Co.*, 228 U. S. 596, 600, and cases cited. It is true that the doctrine has generally found expression in considering the right to review cases coming from state courts, but the principle is here directly and necessarily applicable

in consequence of the nature and character of the limitations imposed by the statute upon the right to review cases decided by the Court of Appeals of the District of Columbia. Coming to test the existence of jurisdiction to review the controversy and consequently to determine whether the writ prayed for should be allowed we are clear that the propositions upon which it is asserted jurisdiction to review exists are so wholly unsubstantial and frivolous and devoid of all merit as to afford no ground whatever for the exercise of jurisdiction and the consequent allowance of the writ.

This conclusion is reached because we are of the opinion that on the face of the statute it plainly vested the Secretary of the Interior with the power and discretion to remove without the necessity of giving notice or affording a hearing and because we are unable to perceive any basis whatever for the contention that if the statute gives such power it conflicts with the Fifth Amendment. The right to membership in the council which the statute created and the power to remove at discretion which it conferred on the Secretary of the Interior were indissolubly united, and it is impossible to admit the existence of the one without recognizing the other and therefore to adopt the premise upon which the proposition must rest would be but to destroy the right to continue in office which the proposition is urged to maintain, since the office may not be treated as existing free from the safeguards concerning the discharge of its duties which the statute provides. The argument is not strengthened by confounding the asserted right of the relator to continue to be a member of the tribal council with rights of property assumed to exist in favor of the members of the tribe, and upon the resulting confusion to urge that the assumed rights of property will be taken without due process if the authority of the Secretary to remove a member of the tribal council without notice and hearing be upheld. On the contrary, if the

possession of the asserted property rights be assumed, it must follow that the power to remove, given by the statute, must be sustained. Considering the context of the act, the limitation which it imposes upon the members of the tribe and the tribe itself to contract and the large administrative supervision over such subjects which the statute confers upon the Secretary, it is not disputable that the right to remove for "good cause to be by him determined" which the statute gives to the Secretary is but an appropriate means provided for the accomplishment of the duties cast upon him with reference to the subject-matters stated. Under these circumstances the proposition could not be maintained without holding that although the duty existed to protect by appropriate legislation the tribe and its members, such legislation if enacted, would be repugnant to the Constitution.

*Writ denied.*