### In re LUKEN.

### McKEY v. STEGER.

(Circuit Court of Appeals, Seventh Circuit. August 12, 1914.)

No. 2062.

BANKRUPTCY (§ 288*)—LIENS—TRIAL—SUMMARY PROCEEDINGS.

Where a claimant's right to hold certain cloth seized under a distress warrant against a bankrupt prior to the institution of bankruptcy proceedings depended on the determination of the legal question whether the lien was indisputably obtained through legal proceedings within four months prior to the filing of the petition, as provided by Bankr. Act July 1, 1898, c. 541, § 67f, 30 Stat. 564 (U. S. Comp. St. 1901, p. 3450), the claim of the validity of such lien on undisputed facts was not so void of color as to authorize the bankruptcy court to determine it by summary proceedings over claimant's protest.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. § 288.*]

Petition to Review and Revise Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois, in Bankruptcy; George A. Carpenter, Judge.

In the matter of bankruptcy proceedings of William M. Luken. Proceeding by Frank M. McKey, as the bankrupt's trustee, to recover 100 bolts of cloth seized by John V. Steger under a distress warrant prior to bankruptcy. Claimant objected to the maintenance of summary proceedings, which were thereupon dismissed, whereupon the trustee filed a petition to review and revise. Affirmed, and petition dismissed on its merits.

Harry L. Shaver, of Chicago, Ill., for petitioner.
Allen G. Mills, of Chicago, Ill., for respondent.

Before BAKER, SEAMAN, and MACK, Circuit Judges.

BAKER, Circuit Judge. On July 24, 1913, an involuntary petition in bankruptcy was filed against Luken. Shortly afterwards he was adjudicated a bankrupt and McKey was elected trustee. About three weeks before the institution of the bankruptcy proceedings respondent Steger had caused a distress warrant to be served upon Luken, and had seized 100 bolts of cloth then belonging to Luken. The following October the trustee filed a petition in the bankruptcy court praying for a summary order upon Steger to turn over to the trustee the 100 bolts of cloth seized by Steger under the distress warrant. Steger entered his special appearance to contest the summary jurisdiction of the bankruptcy court, and alleged that prior to the institution of the bankruptcy proceedings he was in the actual possession of the 100 bolts of cloth and was asserting his right to retain possession by virtue of the distress warrant. On a hearing of the summary petition and the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plea to the jurisdiction, the referee found that Steger at and before the filing of the petition in bankruptcy was in possession of the property in question, claiming a lien thereon adversely to the bankrupt, and thereupon dismissed the petition for want of summary jurisdiction. This order of dismissal was confirmed by the bankruptcy court, and the correctness thereof is presented to us by this original petition to review and revise.

In the Case of Goldstein and Moseson, 216 Fed. 887, 133 C. C. A. 91, No. 2016, herewith decided, we held that a controversy between the trustee and a person who prior to the bankruptcy proceedings was in the actual possession of property under a claim of right should not be determined by the bankruptcy court under its summary jurisdiction against the protest of the adverse holder unless the adverse claim was without color. We found the adverse claim in that case to be substantial because in respect to the facts there was a conflict which, over the adverse claimant's protest against summary process, could only be settled properly in a plenary suit. In the present proceeding there is no conflict about the facts, and the trustee therefore contends that the bankruptcy court had summary jurisdiction to compel Steger to surrender possession by the summary process of a contempt order or other summary means. His argument is that, inasmuch as the distress warrant was served within four months prior to the filing of the petition in bankruptcy, it was therefore a lien through legal proceedings which was rendered null and void by section 67f of the Bankruptcy Act. In the case of a judgment or an attachment or other lien which was indisputably "obtained through legal proceedings" within four months prior to the filing of the petition in bankruptcy, the legal proceedings being taken against the defendant therein while the defendant was insolvent, we might have no difficulty, the facts being undisputed, in determining that the adverse holder's claim of legal right to retain possession was so clearly without substance, so void of color, as to bring him within the summary jurisdiction of the bankruptcy court. But it seems to us that a controversy may be as substantial in regard to the legal rights of a party on undisputed facts as is a controversy wherein the only conflict is on the facts. Our observation and experience is that there are fully as many controversies in plenary suits over the question of legal rights on undisputed facts as there are controversies respecting the facts. Among the bankruptcy cases we have found no precedents wherein this question has been considered; but in our opinion precedents in the Supreme Court concerning its own jurisdiction are so analogous that they are applicable. In determining whether a writ of error from the highest court in a state is entertainable, the Supreme Court considers whether the asserted legal right is substantial or merely colorable. If, on the undisputed facts, the asserted legal right is only a bare assertion, if it has no basis whatever in reason to sustain it, or if it is an assertion in the face of a clear and thoroughly settled line of adjudications in that court, the jurisdiction is denied and the writ is dismissed. New Orleans Water Works v. Louisiana, 185 U. S. 336, 22 Sup. Ct. 691, 46 L. Ed. 936; Equitable Assurance Society v. Brown, 187 U. S. 308, 314, 23 Sup. Ct. 123, 47

L. Ed. 190; Deming v. Carlisle Packing Co., 226 U. S. 102, 33 Sup. Ct. 80, 57 L. Ed. 140; Consolidated Turnpike Co. v. Norfolk & Ocean View Railway Co., 228 U. S. 596, 600, 33 Sup. Ct. 605, 57 L. Ed. 982; United States ex rel. Brown v. Lane, 232 U. S. 598, 34 Sup. Ct. 449, 58 L. Ed. 748. On the other hand, the reports abound in cases where on undisputed facts there have been most substantial controversies respecting legal rights.

In the present case the distress warrant certainly was not a judgment or an attachment. If it comes at all within section 67f, it comes under the heading "Other Liens Obtained through Legal Proceedings." This is a very general expression, and its applicability to the distress warrant can only be determined by solving the problem whether the lien of a distraint in Illinois is obtained through legal proceedings. In support of his contention that the landlord's lien is obtained through legal proceedings, the trustee cites the Illinois statutes and numerous Illinois decisions, and relies particularly on In re Joslyn, 2 Biss. 235, Fed. Cas. No. 7,550, and Morgan v. Campbell, 22 Wall. 381, 22 L. Ed. 796, both cases under a previous bankruptcy law, while the respondent cites Illinois decisions and federal cases in various circuits, and relies particularly on Henderson v. Mayer, 225 U. S. 631, 32 Sup. Ct. 699, 56 L. Ed. 1233, under the present bankruptcy law as applied to provisions of the Georgia Code, which the respondent contends are much less favorable to the landlord's contention that his lien is one not obtained through legal proceedings than are the provisions of the Illinois statutes. We have looked into the question of the merits of respondent's lien to the extent of being satisfied that an answer could be given only after a most careful study and consideration of the numerous cases cited, and after a comparison of the Georgia provisions with those of Illinois in order to determine whether Henderson v. Mayer is of controlling effect upon respondent's asserted legal right. In short, we are quite satisfied that the controversy presented by the adverse claimant herein is a very substantial one.

The order of the District Court in dismissing the summary proceeding was correct, and this petition to review and revise that order is therefore dismissed on the merits.