## In re BAKE-RITE CONSOLIDATED.

(District Court, N. D. California.
September 8, 1925.)

No. 13465.

1. **Bankruptcy ⟐288(1)—Objection to summary jurisdiction of referee not waived by appearing specially and filing return.**

In a proceeding before a referee to determine rights in property, an adverse claimant, cited to show cause, does not waive the right to object to the summary jurisdiction by appearing and filing a return, but may reserve the right by making the appearance special.

2. **Bankruptcy ⟐288(1)—Objection to summary jurisdiction of referee should be made by return setting up facts, when property in possession of third person.**

Where property sought to be recovered in summary proceeding is in actual possession of a third party, it is necessary to determine whether it is held for bankrupt, and so constructively in possession of the court, and adverse claimant should make return setting up the facts on which objection to the jurisdiction is grounded; an oral contention of want of jurisdiction being insufficient to raise the issue of fact.

3. **Bankruptcy ⟐288(1)—Property in escrow, but not to secure third persons, held within court's summary jurisdiction, despite pendency of suit for rescission, though matter may be remitted to state court (Bankruptcy Act, § 11 [Comp. St. § 9595]).**

Where shares of stock delivered to bankrupt under a contract, had been placed in escrow by direction of the state commissioner of corporations, and not to secure rights of any third party, they passed constructively into possession of the court on the bankruptcy, and the pendency of a suit in a state court by one of the other parties to rescind the contract and recover the shares does not affect such possession, so as to deprive the bankruptcy court to authorize their sale by summary order, though it may, as matter of comity, remit the question of ownership for trial in the state court, in view of Bankruptcy Act, § 11 (Comp. St. § 9595).

4. **Bankruptcy ⟐100(1)—Bankruptcy does not withdraw corporate stock from jurisdiction of state commissioner to protect public from fraud.**

The fact of the bankruptcy of the owner of shares of stock, which by direction of the state commissioner of corporations had been placed in escrow, does not withdraw the stock from the jurisdiction of the commissioner to prohibit its sale to protect the public against fraud.

In Bankruptcy. In the matter of the Bake-Rite Consolidated, bankrupt. On review of order of referee. Recommitted to referee for further proceeding.

Milton Newmark, Ernest J. Torregano, and Joseph Kirk, all of San Francisco, Cal., for petitioners.

Werner V. Olds, of San Francisco, Cal., for respondents.

KERRIGAN, District Judge. Briefly, the record on review discloses the following situation: That prior to the formation of the bankrupt corporation there existed certain corporations engaged in the bakery business, and other corporations engaged in the manufacture and furnishing of bakery equipment; that the bankrupt corporation was formed for the purpose of consolidating, at least to a certain extent, these interests, and that under certain agreements shares of the capital stock of the Bake-Rite and other corporations were to be transferred to the corporation bankrupt in exchange for the shares of the latter's stock; and that 103,000 shares of the capital stock of the Bake-Rite Bakers, a California corporation, were on deposit in escrow with the American National Bank of San Francisco, for which shares there had been or were to be issued in exchange certain shares of stock of the Bake-Rite Consolidated.

This bankruptcy proceeding was commenced January 19, 1924. Prior thereto an action for rescission of contract had been instituted at Los Angeles by S. A. Kitchener, H. S. Laughlin, E. E. Lindsey, and P. J. Shortt, as trustees of Bake-Rite Oven Manufacturing Company of Los Angeles, a common-law trust; said trustees seeking by said action a rescission of the contract under which said 103,000 shares of Bake-Rite Bakers were transferred to the corporation bankrupt, on the ground of failure of consideration on the part of Bake-Rite Consolidated. The trustee in bankruptcy for the Consolidated has appeared in said action and filed a cross-complaint. Subsequent to such appearance the trustee in bankruptcy filed with the referee at San Francisco a petition for an order to show cause, directed to said common-law trustees, the Bake-Rite Bakers corporation, American National Bank of San Francisco, and E. M. Doherty, commissioner of corporations of the state of California, directing them to show cause, if any they had, why an order should not be made directing the trustee to sell said 103,000 shares of stock free and clear of any asserted claims, right, title, or interest of said respondents, on which the referee issued an order to show cause.

The commissioner of corporations filed a return to said order that he neither claims nor asserts any right, title, or interest in or to said escrow, except such rights as may

exist by reason of certain orders made by the state commissioner respecting the issuance, transfer, and deposit of said stock. It further sets forth that he is informed and believes that, if said capital stock is sold to the public, such sale would be a fraud such as is contemplated and within the purview of the Corporate Securities Acts of the state of California; that said commissioner will, pursuant to such order as may be made by this court, direct the American Bank of San Francisco to deliver said 103,-000 shares of said capital stock to such person as the above-entitled court may adjudge and decree.

At the time set for hearing the return to said order to show cause, W. Olds appeared before the referee and stated that he appeared for all of the trustees mentioned in the order to show cause, as well as the Bake-Rite Oven Manufacturing Company of Los Angeles, a common-law trust, which claims title to said 103,000 shares and right of possession, said H. S. Laughlin also claiming title, possession, and right of possession of said shares for the Bake-Rite Oven Manufacturing Company, and objected to the referee proceeding further on the order to show cause on the ground of lack of jurisdiction, in that the property was not in the possession of the trustee in bankruptcy but in the possession of an adverse party, and further that the property is the subject-matter of a suit pending in another court of competent jurisdiction in Los Angeles. Said common-law trustees and said corporation having filed no answer or return to the order to show cause, the trustee's objection to their being heard in the proceeding was sustained by the referee. The hearing was concluded without a return or answer being made by any of the respondents, other than the American National Bank of San Francisco and the corporation commissioner. Said American National Bank asserted no claim to said 103,000 shares, other than the claim for $100 for its services as depository, which was agreed to by the trustee.

The referee granted the trustee's petition and made an order directing the sale of said 103,000 shares of stock. In his order he recites that said W. Olds objected to the proceedings, on the ground that the above-entitled court had no jurisdiction of the subject-matter described in said petition, and a default was entered against the respondents Bake-Rite Bakers, S. A. Kitchener, H. S. Laughlin, E. E. Lindsey, and P. J. Shortt, as trustees, for failure to

file any claim in and to said shares of stock. The referee finds that the Bake-Rite Consolidated was at the time of commencement of the bankruptcy proceedings the owner of said 103,000 shares of stock, and that at said time said stock was on deposit at said American National Bank of San Francisco by order of the state commissioner of corporations of the state of California, and that said stock came into the custody of the bankruptcy court upon the filing of the involuntary petition herein, and ever since has been and is now in the custody of this court. The referee further finds that said Kitchener, Laughlin, Lindsey, and Shortt, as trustees of said Bake-Rite Bakers, have not, nor has any of them, any right, title, or interest in or to said shares of stock.

[1] From the proceedings had it appears that Mr. Olds was of the opinion that it was sufficient for him to enter an oral appearance by way of special appearance, and to object on behalf of his clients to the jurisdiction of the referee to determine by summary proceeding the controversy concerning the said shares of stock; that a filing of a return or answer setting out the defenses of his clients would be deemed a submission to the jurisdiction of the referee to determine the controversy. Mr. Olds is mistaken in his position that the filing of a return or answer would amount to a submission to the jurisdiction. The referee was correct in his holding that the respondents should set forth by a return to the order to show cause the facts upon which their claimed adverse rights are based. In such return respondents may make a special appearance and object to the jurisdiction of the referee to proceed by rule to show cause. A mere assertion that the property is in the hands of a third person and that a claimant asserts an adverse right thereto is insufficient.

Collier on Bankruptcy (13th Ed.) p. 771, states: "The power of the District Court to proceed summarily will depend largely upon whether the subject-matter is in its possession, either actually or constructively; where such possession is shown, the court may proceed summarily to determine controversies in respect of the property, and the extent and character of liens thereon and rights therein, but in such cases jurisdiction exists under section 2 (7) of the act, which vests District Courts with original jurisdiction to determine controversies with relation to estates of bankrupts, rather than under subsection (b) of section 23." See cases cited.

[2] Where property is in the possession of a third person, as here, it is necessary to determine the question as to whether or not said property is held for the bankrupt, and whether or not the same was brought actually or constructively into the possession of the bankruptcy court upon the filing of the petition. In determining that question it may be necessary to examine into the merits of the controversy. This is clearly shown by the following cases: Mueller v. Nugent, 184 U. S. 1, 22 S. Ct. 269, 46 L. Ed. 405, 7 Am. Bankr. R. 224; Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 S. Ct. 293, 46 L. Ed. 413, 7 Am. Bankr. R. 421. See, also, Babbit v. Dutcher, 216 U. S. 102, 30 S. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969, 23 Am. Bankr. R. 579; In re Blum, 202 F. 883, 121 C. C. A. 241, 29 Am. Bankr. R. 332; Matter of Luken, 216 F. 890, 133 C. C. A. 94, 32 Am. Bankr. R. 805.

[3] It is necessary here to determine as a question of fact where the right of possession lies, and the court has power to take testimony for the purpose of establishing such facts in order to decide whether or not it has jurisdiction to determine the controversy concerning said stock. If delivery of these shares was made to the bankrupt corporation, and it appears that the only reason that the same are not in the possession of the corporation's proper officers is that said shares were ordered to be placed in escrow by the commissioner of corporations, and that said deposit was not made to secure the rights of any of the respondents thereto, and that none of said respondents have acquired any lien upon said stock, other than their asserted right of revocation set out in their complaint filed in Los Angeles, and that no other court prior to the commencement of the bankruptcy proceeding had obtained possession of the res, said stock was brought constructively within the possession of the court upon the filing of the petition of bankruptcy herein. There is evidence in the record sufficient to support a finding of constructive possession here.

Said common-law trustees of the Bake-Rite Oven Manufacturing Company of Los Angeles, in their complaint in rescission aforesaid, in paragraph 4, p. 3, set out: "That in pursuance of said agreement plaintiffs caused to be delivered and transferred to said Bake-Rite Consolidated the said 103,-000 shares of the capital stock of Bake-Rite Bakers." This admission of delivery of the stock to the bankrupt corporation, and the answer of the corporation commissioner to the effect that the escrow of the stock was ordered by him, is the contrary of the oral representations made by Mr. Olds at the hearing before the referee. Such oral representations were not sufficient to call in question the jurisdiction of the District Court, or to raise an issue as to title to the property. Respondents should have set forth by way of return the facts upon which their claim is based. The referee's order could be supported because of failure of respondents to set before him in a proper manner the facts upon which they claim to hold adversely said shares of stock.

The question is therefore also presented to the court as to whether or not respondents should be relieved from their error, and be permitted to file a return before the referee, in order that he may determine after a full hearing the question of the right of possession of said shares of stock at the time of the filing of the petition, and, if he finds that said shares of stock came within the custody of this court upon the filing of the petition, to proceed to a hearing upon the merits if he further finds that the trustee is entitled to have the matter determined here, and not in the suit at Los Angeles. The general rule is that the court which first obtains jurisdiction over the controversy retains the same, notwithstanding the bankruptcy. This is especially so if the res is in the possession of such court—in this case, the state court of Los Angeles, being on deposit at San Francisco. However, it does not necessarily follow that, because property comes within the possession of the bankruptcy court, a state court, where a controversy respecting such property existed before the bankruptcy, may not be the proper court to proceed with the matter.

Section 11b (Comp. St. § 9595) reads: "The court may order the trustee to enter his appearance and defend any pending suit against the bankrupt." Section 11 provides that "a suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined."

This is not such a suit as would be stayed under this section, and there is no other section regarding staying of suits. If the

court proceeds to a determination of the merits of this controversy, it does so under its general powers, arising from the fact that the property has come within its custody, and that by reason thereof it may proceed to determine all rights thereto without regard to litigation affecting such property pending at the time of the bankruptcy. If it should appear to the court as a matter of comity, or for other reasons, that the trustee should be remitted to a trial in the state court, where he has already appeared and filed a cross-complaint, the court will decline to determine the matter by summary proceeding. The respondents have not been heard upon this point. The referee's order amounts to a judgment against them by default. In my opinion the respondents should be relieved of such default, and be given a short time within which to file a return to the order to show cause.

[4] It will also be noted from the return of the corporation commissioner that said 103,000 shares of stock of Bake-Rite Bakers were ordered deposited in escrow by the corporation commissioner to protect the public, and the commissioner states in his return that, if said capital stock is sold to the public, such sale would be a fraud such as is contemplated and within the Corporate Securities Act. The commissioner does not directly ask for any order giving him further control over said stock; but the fact that the stock has become the property of the trustee in bankruptcy does not, in my opinion, withdraw it from the control of the commissioner. The trustee should not, through an order of sale of the bankruptcy court, be permitted to pass such stock to the public, where at the time of the bankruptcy proceeding it was under the commissioner's control and subject to his further orders.

The record is rendered unsatisfactory for a proper determination of all matters presented because of respondents' failure to proceed as directed by the referee. The controversy has been determined without a hearing upon the merits, as the referee's order disposes of the issues raised in the revocation suit at Los Angeles. The ruling of the referee that respondents should file returns to the order to show cause, setting out the facts upon which their alleged adverse rights are founded, being a reviewable order, I think the questions involved will be best disposed of by returning the case to the referee, with instructions to the respondents to make their returns, and on failure to do so within 10 days the order of the referee to stand affirmed, with such modification as may be deemed proper respecting the sale of the stock to the public, subject to the control of the corporation commissioner.

It is so ordered.