## SNYPP v. STATE OF OHIO.
### No. 6662.

Circuit Court of Appeals, Sixth Circuit.
March 9, 1934.

D. W. & A. S. Iddings, of Dayton, Ohio, Smith & Smith, of Xenia, Ohio, and Norman L. Weisman, of Dayton, Ohio, for appellant.

M. E. McCallister, Pros. Atty., of Xenia, Ohio, and Harry N. Routzohn, of Dayton, Ohio, for the State of Ohio.

Before HICKS and SIMONS, Circuit Judges, and HAHN, District Judge.

PER CURIAM.

Appellant Snypp was on January 22, 1933, indicted by the Grand Jury of Greene County for violation of the Securities Act of the State of Ohio, known as the Blue Sky Law (Gen. Code Ohio, § 8624-1 et seq.). He entered a plea of not guilty and gave bond for his enlargement. Thereafter he filed an affidavit of prejudice against the local judge, the charges being heard by the Chief Justice of the Supreme Court of Ohio, in accordance with Ohio practice. He dismissed the charges against the judge on the ground that they were not sustained by the evidence. Thereafter, on July 20, 1933, appellant filed his petition for removal to the District Court, the petition alleging that it was based upon section 31 of the Judicial Code, formerly Revised Statutes, § 641, now 28 USCA § 74. Upon motion in the District Court to dismiss the petition and to remand to the state court, the District Court granted the motion in both respects. An appeal was taken to this court.

A motion to dismiss was here filed, the grounds thereof being: (a) That no appeal lies from an order of remand, and (b) that there is no constitutional question involved in this cause upon which appellant can base his right of appeal.

As to the first ground of the motion, appellant contends that section 31 of the Judicial Code (28 USCA § 74) is a separate and independent statute, and that 28 USCA § 71 (Jud. Code § 28), which in part provides that there may be "no appeal or writ of error from the decision of the district court" upon the remanding of a cause, has no appli-

cation. However, it has been ruled to the contrary in Cole v. Garland (C. C. A. 7) 107 F. 759. Proceedings in error were dismissed by the Supreme Court for want of jurisdiction. 183 U. S. 693, 22 S. Ct. 933, 46 L. Ed. 393.

Under the settled practice of this court we may, upon this motion, also, notice the second ground of the motion to dismiss the appeal, and treat it as a motion to affirm. C. N. Bevan v. Gilson D. Light, as Sheriff of Lucas County, Ohio (C. C. A.) 61 F.(2d) 1019, certiorari denied 287 U. S. 665, 53 S. Ct. 224, 77 L. Ed. 574. In that case we followed the practice of the Supreme Court of the United States, and in referring to that practice we said:[1] "That court has held that when it appears that the question for decision is frivolous or unsubstantial, or that the appeal was obviously prosecuted for delay, the appeal will be dismissed or the judgment affirmed on motion. Blythe v. Hinckley, 180 U. S. 333, 21 S. Ct. 390, 45 L. Ed. 557; Deming v. Carlisle Packing Co., 226 U. S. 102, 33 S. Ct. 80, 57 L. Ed. 140; Wagner Electric Mfg. Co. v. Lyndon, 262 U. S. 226, 43 S. Ct. 589, 67 L. Ed. 961."

A petition for removal under section 31 of the Judicial Code must fully and precisely state how the removing party is deprived of his equal civil rights. State of Ohio v. Swift & Co. (C. C. A. 6) 270 F. 141, 147. Compare Maryland v. Soper, 270 U. S. 9, 46 S. Ct. 185, 70 L. Ed. 449. Section 31 of the Judicial Code is directed at the action of "judicial tribunals of the state" in disregard of the rights secured to the party aggrieved by the Civil Rights Acts. The petition for removal here alleges that appellant is being deprived of such rights because he cannot obtain justice in any of the state courts in which his case may be tried on account of prejudicial and local influence. The allegation was probably made having in mind section 13427-1 of the General Code of Ohio (113 Ohio Laws, p. 132), which, in part, provides: "If it appears to the court, by affidavits or evidence in open court, that a fair and impartial trial cannot be had in the county where a cause is pending, such court shall order that the accused be tried in any county of the state. * * *" If susceptible of proof, this allegation would not constitute a discrimination, by the state courts, affecting the civil rights of the appellant.

To further sustain the petition for removal, appellant argued that he was indicted under a state statute which by its terms violates the Constitution of the United States

[1] In memorandum attached to order and not for publication; no opinion filed.

in that it places upon a defendant the duty of proving that the securities sold by him are exempt from the operation of the law. But see Casey v. United States, 276 U. S. 413, 48 S. Ct. 373, 72 L. Ed. 632, and Hall v. Geiger-Jones Co., 242 U. S. 539, 37 S. Ct. 217, 61 L. Ed. 480, L. R. A. 1917F, 514, Ann. Cas. 1917C, 643. No civil rights being involved, it is not the purpose of section 31 of the Judicial Code to permit the federal courts to determine the constitutionality of state criminal statutes in advance of determination of that question by the courts of the state. Upon state courts equally as upon the federal courts rests the duty and obligation to enforce and protect every right granted and secured by the Constitution of the United States, Ex parte Royall, 117 U. S. 241, 248, 6 S. Ct. 734, 29 L. Ed. 868, and it is settled that comity requires that such questions be decided by the state courts in the first instance. United States ex rel. Kennedy v. Tyler, 269 U. S. 13, 46 S. Ct. 1, 70 L. Ed. 138; Kentucky v. Powers, 201 U. S. 1, 26 S. Ct. 387, 50 L. Ed. 633, 5 Ann. Cas. 692; compare Boynton v. Fox West Coast Theatres Corp. (C. C. A. 10) 60 F.(2d) 851, 854.

As to the allegations of the petition for removal, not specifically referred to in this opinion, it is sufficient to say that they do not relate to any rights secured to appellant by the Civil Rights Acts.

The order remanding the case to the court of common pleas of Greene county, Ohio, is affirmed.