**CURTI et al. v. PACIFIC MTG. GUARANTY CO. et al.**

**No. 8194.**

Circuit Court of Appeals, Ninth Circuit.

Dec. 17, 1936.

Carroll Allen, of Los Angeles, Cal., for appellants.

Edwin A. Meserve and William Larrabee, both of Los Angeles, Cal., for appellees.

Before MATHEWS and HANEY, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

Reversal is sought of a judgment of dismissal of a complaint challenging the sale of real estate hypothecated to secure payment of money at a stated time by virtue of a power of sale contained in the agreement of hypothecation pursuant to the provisions of section 2924 of the Civil Code of California, charging that said section violated the "due process" clause of the Constitution of the United States (Const. Amend. 14), the hypothecation being made for security only, and that the procedure to enforce the contract must be by judicial procedure and sale upon execution by decree of court. No contention is made that the power of sale was not in all things strictly pursued.

This section of the statute entered into and became a part of the deed of hypothecation as fully as if set out therein. It is not contended that the power of sale was not set out in the instrument, nor that the requirements of the section 2924, supra, were not in detail performed.

That the trustor has power to confer upon the trustee, who may be the obligee to the deed of trust, the power to sell in accordance with the terms of the power given and a sale so made passes good title to the property so sold has long since been judicially determined. Fogarty v. Sawyer, 17 Cal. 589; Bell Silver & Copper Mining Co. v. First National Bank, 156 U.S. 470, 15 S.Ct. 440, 39 L.Ed. 497; Grant v. Burr, 54 Cal. 298; Bateman v. Burr, 57 Cal. 480. The "due process" clause is not violated by the provisions of section 2924, supra.

That valid title passed on execution of such contractural power is unquestionable. Scott v. Paisley, 271 U.S. 632, 46 S. Ct. 591, 70 L.Ed. 1123. This is a case where the constitutionality of a like statute of Georgia was attacked.

Aside from the power of sale conferred in the instrument and the provisions of section 2924, supra, section 2932, Civil Code of California, provides: "A power of sale may be conferred by a mortgage upon the mortgagee or any other person, to be exercised after a breach of the obligation for which the mortgage is a security." There is no merit in this appeal from any viewpoint of approach.

Appellees urge that appellants should be penalized by an award of damages to appellees for the prosecution of a frivolous appeal, and cite the following authorities: Wagner Electric Manufacturing Company v. Lamar Lyndon et al., 262 U.S. 226, 43 S. Ct. 589, 67 L.Ed. 961; Deming v. Carlisle Packing Co., 226 U.S. 102, 109, 33 S.Ct. 80, 57 L.Ed. 140, 144; Ballou v. Davis (C. C.A.) 75 F.(2d) 138, writ of certiorari denied 295 U.S. 766, 55 S.Ct. 926, 79 L.Ed. 1708.

It may be said that the court has such power and that many cases are added to this court's congested docket by appeal, wherein we feel if further examination were made in the interest of efficient service to a client, and in discharge of the oath of office of the lawyer, appeal would many times not be made. The court may find in the interest of economy of time and substantial justice that penalties at times should be assessed, and this may be done, but it will not be done in this case.

Affirmed with costs.