McBRIDE, Judge.
Invoking the provisions of LSA-R.S. 13:4811 et seq., Emery & Kaufman, Ltd., provoked these concursus proceedings in the Civil District Court for the Parish of Orleans, depositing therewith in "the registry of said court $885.48, alleging as a mere stakeholder of the funds, it can neither determine which of several claim.ants is entitled thereto nor pay the same to .any one of them without danger of being compelled at a later date to pay a like -amount to others. The impleaded claimants •of the funds are:
(1) Houston Fire & Casualty Insurance Company
(2) The District Director of Infernal Revenue
(3) Ingard Johannesen, trustee of the estate of Robert F. Gottschalk in bankruptcy, No. 8842 of the bankruptcy docket of the United States District Court for the Eastern District of Louisiana ;
•each was served and cited to answer the ■petition and to make such claims to the money deposited in the registry of the ■court as they may desire. Robert F. Gotts-•chalk, the bankrupt, was also cited, but whereas he made no appearance, and it is clear he personally has no interest in the matter, he is not a necessary party to these proceedings. The first two claimants above named (the United States, through the 'United States attorney for this federal ■district, appeared in the proceedings in lieu ■of the District Director of Internal Revenue) filed answers setting forth in detail ■their respective lien claims to the money ■on deposit and the nature and origin there-of, and after a trial on the merits of the •matter, the court a qua rendered judgment recognizing Johannesen, trustee of the 'bankrupt’s estate, to be entitled to possession of the funds and directed the clerk of the court to turn the same over to him; the claims of the other interested parties, i. e., Houston Fire & Casualty Insurance Co. and the United States, were rejected, and they feeling aggrieved by the judgment appealed therefrom to this court. Subsequently we refused to permit the United States to voluntarily dismiss its appeal. See La.App., 106 So.2d 131.
The chronology of the pertinent dates and events giving rise to the funds on deposit in the court and the source of the adverse lien claims thereto are:
March 12, 1956. Houston Fire recovered judgment against Robert Gotts-chalk for $2,047.06 in the Civil District Court for the Parish of Orleans.
August 23, 1956. The Collector of Internal Revenue levied an assessment for 1955 income taxes against Robert F. Gottschalk and wife in the principal amount of $686.72.
February and March 1957. Emery & Kaufman, Ltd., became indebted unto Robert F. Gottschalk for a total of $885.48.
March 12, 1957. The delinquent income tax lien was filed and recorded in the mortgage records for this parish.
April 3, 1957. Writ of fieri facias issued on the judgment held by Houston
Fire against Gottschalk and notice of seizure was served upon Emery & Kaufman, Ltd., as garnishee.
April 30, 1957. Judgment was rendered in favor of Houston Fire in its aforementioned suit against Gottschalk ordering the garnishee, Emery & Kaufman, Ltd., to make accounting of all funds it owed Gottschalk and pay said sums to Houston Fire.
May 2, 1957. Gottschalk adjudicated a voluntary bankrupt.
May 31, 1957. Johannesen elected trustee of the bankrupt estate.
*216 September 12, 1957. This concursus proceeding.
The trustee of Gottschalk’s bankrupt estate claimed the right to possession of the funds in his official capacity; he filed an exception to the jurisdiction ra-tione materiae of the Civil District Court which was overruled below. The exceptor also raised the jurisdictional question before us, and our conclusion is that the ruling of the trial judge was proper. While the Civil District Court had no jurisdiction to pass on the merits or priority of the claims asserted by Houston Fire and the United States against the funds on deposit, the court did have jurisdiction to direct that the funds be turned over to the trustee in bankruptcy for an administration by the bankruptcy division of the United States district court for this district.
There is no question in our minds that the courts of this state lack jurisdiction to pass on the quality and priority of the claims attempted to be asserted here by the two lienors, as the only court having jurisdiction to determine such controversy as exists between the parties would be the bankruptcy court which adjudicated Robert F. Gottschalk a bankrupt.
Upon the appointment of a trustee in bankruptcy all property of the bankrupt’s estate passes into his possession both actively or constructively according to the nature of the property involved. § 70 Bankruptcy Act, 11 U.S.C.A. § 110. In Fish v. East, 10 Cir., 1940, 114 F.2d 177, 192, the court said:
“An adjudication of bankruptcy draws to the bankruptcy court jurisdiction to administer all property of the bankrupt, real and personal, though it may be subject to a valid lien acquired by judgment or the levy of an execution more than four months prior to the date of bankruptcy; * *
Custody of the property in the trustee is not limited to actual possession but extends also to constructive possession as well, as where intangibles such as a debt owed the bankrupt or a contract claim are concerned. Par. 23.05(3, 4 and 5), page 473 et seq., Collier on Bankruptcy, 14th Ed.
The courts of the United States defined as courts of bankruptcy are invested within their respective territorial limits with such jurisdiction “at law and in equity as will enable them to exercise original jurisdiction in proceedings under this Act, in vacation, in chambers, and during their respective terms, as they are now or may be hereafter held, to — * * *
“(2) Allow claims, disallow claims, reconsider allowed or disallowed claims, and allow or disallow them against bankrupt estates;” § 2, Bankruptcy Act, 11 U.S.C.A. § 11.
In In re American Fidelity Corporation, 28 F.Supp. 462, 467, 40 Am.Bankr.Rep., N.S., 379, the U. S. District Court for the Southern District of California, in discussing the jurisdiction of a bankruptcy court said this:
“The basic principles in this controversy, as far as the jurisdiction of the bankruptcy court is concerned, appear to be these:
“I. The bankruptcy court has summary jurisdiction to determine claims against, title to, and liens upon property in the actual or constructive possession of the bankruptcy court by and through its officers,.such as receivers and trustees, and by and through the bankrupt himself, whether that possession existed at the commencement of the bankruptcy proceeding or arose subsequently. This jurisdiction cannot be disturbed by the processes of other courts. All property in the actual or constructive possession of the bankrupt, in which he claims an interest, passes upon the filing of the petition in bankruptcy, into the custody of the bankruptcy court. To protect its. jurisdiction from interference, that *217 court may issue an injunction and determine, preliminarily, all questions concerning possession; and, for that purpose, may even go into the merits of the controversy to determine whether or not the bankruptcy court has acquired possession, actual or constructive. Orinoco Iron Co. v. Metzel, 6 Cir., 230 F. 40, 36 Am.Bankr.Rep. 247; Gross v. Irving Trust Co., 289 U.S. 342, 53 S.Ct. 605, 77 L.Ed. 1243, 22 Am. Bankr.Rep.,N.S., 661; Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645, 17 Am.Bankr. Rep.,N.S., 273; Hebert v. Crawford, 228 U.S. 204, 33 S.Ct. 484, 57 L.Ed. 800, 30 Am.Bankr.Rep. 24; Board of Trade of City of Chicago v. Johnson, 264 U.S. 1, 44 S.Ct. 232, 68 L.Ed. 533, 2 Am.Bankr.Rep.,N.S., 528; In re Bake-Rite Consolidated, D.C.N.D.Cal., 12 F.2d 468, 6 Am.Bankr.Rep.,N.S., 503; Ex parte Baldwin, 291 U.S. 610, 54 S.Ct. 551, 78 L.Ed. 1020, 24 Am. Bankr.Rep.,N.S., 487. * * * ”
The questions raised in the proceeding before us seem to be identical with those raised in Northeast Clackamas County Electric Cooperative, Inc. v. Continental Casualty Company, 140 F.Supp. 903, 904, decided by the U. S. District Court of Oregon.
The facts involved were: Ripp obtained judgment against Sandy Electric Co-op and at times thereafter various creditors of Ripp seized his interest in the judgment which he held against Sandy, after which Ripp was adjudicated a bankrupt. Ripp’s judgment debtor, Sandy, filed a bill of in-terpleader naming as defendants substantially all the creditors of Ripp listed in the bankruptcy proceeding. These creditors were named as defendants in the inter-pleader proceeding regardless of whether they had made claims against Sandy. Several of the creditors alleged they had perfected liens against the judgment and were entitled to the funds deposited by Sandy in the district court. Interestingly enough, the United States intervened in the proceeding and claimed that the funds belonged to it by reason of certain tax liens having been perfected, thus transferring the right to possession of the funds to the United States. The court stated:
“* * * Under the law, on that date the bankruptcy court acquired jurisdiction of all property, including dioses in action, possessed by the bankrupt or to which he had a right of possession. Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876. This is so despite the existence of any liens on such property; indeed the bankruptcy court acquires jurisdiction for the very purpose of determining the validity of any liens asserted against such property, and making the distribution of such property provided by law. * * *
* * * * * *
“Aside from the consideration that the adjudication of bankruptcy on April 26, 1955, gave immediate possession of the disputed sum to the bankruptcy court, at least for the purpose of deciding the validity of liens asserted against it, there is a broader ground of policy to which this issue should be referred. The Bankruptcy Act, Title 11 of the U.S.C.A., was designed to give broad jurisdiction to the bankruptcy courts to adjudicate conflicting claims to property of the bankrupt. The Act provides an integrated scheme for the disposition of such property, and Congress has made clear its intent that bankruptcy courts shall be the primary forum for adjudication of claims concerning the property. Nothing in the Interpleader Act, 28 U.S.C. § 1335, suggests an intent of Congress to set aside the scheme of the Bankruptcy Act in cases in which property of the bankrupt is subject to conflicting claims. None of the cases cited by plaintiff deals with a bankruptcy situation. The use of inter-pleader actions to short-circuit the administration of bankrupt estates by *218 the bankruptcy courts would frustrate the Congressional scheme and make for duplication and added expense in the settlement of bankrupt estates. The interests of sound judicial administration require the adjudication of the conflicting claims of defendants herein in the proceeding in bankruptcy already pending in this Court * *
The court in the cited case directed its clerk, after payment of certain costs to plaintiff, to transfer the remainder of the sum on deposit in the registry of the district court to the registry of the bankruptcy court.
That is the same situation which exists here. There is no lingering doubt in our minds that the trial judge ordered proper disposition of the funds, i. e., to the trustee in bankruptcy, for administration in the court of bankruptcy which is the only tribunal which has jurisdiction to resolve the conflicting claims and liens.
For the reasons assigned, judgment appealed from is affirmed,
Affirmed.