**T. W. TIDMORE and Frank Thompson, Jr., Petitioners,**

v.

**CITY OF BIRMINGHAM, a municipal corporation and the State of Alabama, Respondents.**

**No. CR 69–271.**

United States District Court
N. D. Alabama, S. D.

Aug. 7, 1969.

As Amended Aug. 11, 1969.

Earl C. Morgan, Dist. Atty., Birmingham, Ala., for Bessemer County Court.

Corretti, Newsom, Rogers & May, Birmingham, Ala., for petitioners Tidmore and Thompson.

Earl McBee, City Atty., Birmingham, Ala., for City of Birmingham.

## ORDER REMANDING

ALLGOOD, District Judge.

The remand order issued by this Court on August 7, 1969, in Case No. CR–69–271, is amended to read as follows:

On July 23, 1969, petitioners, T. W. Tidmore and Frank Thompson, Jr., filed a petition for removal to this court of criminal prosecutions brought against them in Bessemer, Alabama, and Birmingham, Alabama, in which cases petitioners were charged with showing motion pictures in violation of Title 14, Section 374, of the Alabama State Code which prohibits the display of nude pictures.

Petitioners contend that the Alabama statute involved is unconstitutional and void on its face, and that the initiation continuation of the instant prosecutions violate a number of their Federal civil rights. Petitioners, therefore, conclude without stating other than by inference the basis (i. e., provision of the United States Code) of their conclusion that the instant prosecutions should be removed to this court.

It is this court's opinion that petitioners have failed to show conditions which require removal of the instant prosecutions. It is quite clear in light of the criterion set out in State of Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966), and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966), that Title 28 U.S.C.A., Section 1443, which permits removal of certain civil rights cases does not allow removal in the instant case. Title 28, Section 1443, U.S.C.A., makes removable cases involving interference with laws "providing for specific civil rights stated in terms of racial equality." State of Georgia v. Rachel, supra, 384 U.S. at 792, 86 S.Ct. at 1790. It does not provide for removal of cases such as the one before this court involving alleged violations of constitutional protected civil rights which are stated in terms of general application to all people rather than in the specific terms of racial equality. Chestnut v. People of State of N.Y., 370 F.2d 1 (2d Cir. 1966); cert. den. 386 U.S. 1009, 87 S.Ct. 1355, 18 L.Ed.2d 439 (1966). Baines v. City of Danville, Va., 357 F.2d 756 (4th Cir. 1966), 384 U.S. 890, 86 S.Ct. 1915, 16 L.Ed.2d 996.

Additionally, the mere fact that the Alabama statute under which petitioners are being prosecuted may violate the constitution of the United States does not justify removal of the instant action to this court. Snypp v. State of Ohio, 70 F.2d 535 (6th Cir. 1934); cert. den.

293 U.S. 563, 55 S.Ct. 74, 79 L.Ed. 663 (1934).

It appears, therefore, that petitioners have failed to establish a valid basis for removal of their prosecutions to this court.

It is, therefore, ordered, adjudged and decreed that the criminal prosecutions now before this court in Case No. CR–69–271–S, styled State of Alabama vs. Frank Thompson, Jr., Case Number 67605, and City of Birmingham vs. T. W. Tidmore, Case Number 65387, be and the same are hereby remanded to the Bessemer County Court, Bessemer, Jefferson County, Alabama, and to the Recorder's Court of the City of Birmingham, Jefferson County, Alabama, respectively, from which they were sought to be removed.