James STEPHENSON, a/k/a James Stevenson, and Samuel Preece, Plaintiffs,

v.

Pete ESQUIVEL, individually, and in his official capacity, Helen Rios, Alex Mendoza, Henry Diaz, individually, and in his official capacity; the Board of County Commissioners of Dona Ana County, in its official capacity, and Dona Ana County, Defendants.

No. CIV 85–0421 BB.

United States District Court,
D. New Mexico.

July 30, 1985.

Miller, Stratvert, Torgerson & Brandt, P.A., Walter R. Parr, Las Cruces, N.M., for plaintiffs.

Campbell, Reeves & Chavez, P.A., B. James Reeves, Las Cruces, N.M., for defendants Pete Esquivel, Henry Diaz, Dona Ana County Board of County Comm. and Dona Ana County.

Weinbrenner, Richards, Paulowsky & Sandenaw, P.A., Thomas A. Sandenaw, Jr., Las Cruces, N.M., for defendants Helen Rios and Alex Mendoza.

## MEMORANDUM OPINION

BALDOCK, District Judge.

THIS MATTER comes on for consideration of the Motion to Dismiss, filed May 21, 1985, by defendants Rios and Mendoza. The court, having considered the memoranda submitted by the parties, the relevant law, and otherwise being advised fully in the premises, finds that the motion is well taken in part and should be granted in part.

A complaint is dismissed for failure to state a claim upon which relief can be granted only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976); *Chavez v. City of Santa Fe Housing Authority*, 606 F.2d 282 (10th Cir. 1979). All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true. *Mitchell v. King*, 537 F.2d 385 (10th Cir.1976). All reasonable inferences must be considered in favor of the plaintiff, *Id.*, and the pleadings must be construed liberally. *Gas-a-car, Inc. v. American Petrofina, Inc.*, 484 F.2d 1102 (10th Cir.1973).

Defendants' motion is directed specifically to each of the four counts in the complaint. Each count will be analyzed separately.

### I. *Count I*

Defendants Rios and Mendoza contend that the allegations in Count I fail to state a claim against them under 42 U.S.C. § 1983 because the allegations of conspiracy are conclusory, lack a factual basis, and do not satisfy the § 1983 requirement of action under color of state law. The "facts" recited in Count I may be summa-

rized as follows. Plaintiffs were tenants in a rental dwelling in Las Cruces, New Mexico, which was owned by the defendant Mendoza and managed by defendant Rios. A controversy developed between the tenants and the landlords as to rights of possession of the residence. On or about January 15, 1985, defendant Esquivel, a deputy sheriff with the Dona Ana County Sheriffs Department, and defendant Rios appeared at the rental dwelling. Defendant Esquivel advised plaintiffs that they were criminally trespassing and that they were to vacate the premises immediately and without their belongings. The plaintiffs were not given notice of eviction or an opportunity to be heard prior to the deprivation of their property. Defendant Esquivel arrested plaintiffs, without a warrant, and transported them to the Dona Ana County Jail, where they were charged with criminal offenses and incarcerated. All charges were dismissed subsequently.

In order to state a claim under 42 U.S.C. § 1983, the plaintiffs must show two essential elements: (1) that the defendants acted under color of state law, and (2) that the defendants caused them to be deprived of a right secured by the constitution and laws of the United States. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Action taken by private individuals may be "under color of state law" where there is "significant" state involvement in the action. *Id.* at 931, 102 S.Ct. at 2750. One of the tests or factors to determine when state action is "significant" is the joint action test. *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 164, 98 S.Ct. 1729, 1737, 56 L.Ed.2d 185 (1978); *United States v. Price*, 383 U.S. 787, 794, 86 S.Ct. 1152, 1157, 16 L.Ed.2d 267 (1966). One way the "joint action" test is satisfied is if a "conspiracy" is shown. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970) (quoting *Price*, 383 U.S. at 794, 86 S.Ct. at 1157). *See also Dennis v. Sparks*, 449 U.S. 24, 27–28, 101 S.Ct. 183, 186–87, 66 L.Ed.2d 185 (1980). In *Adickes* and *Price*, the Court explained that this last test is met where "[p]rivate persons, jointly en-

gaged with the state officials in the prohibited action, are acting 'under color' of law for purposes of [42 U.S.C. § 1983].... It is enough that [the private party] is a willful participant in joint activity with the State or its agents." *Adickes*, 398 U.S. at 152, 90 S.Ct. at 1606; *Price*, 383 U.S. at 794, 86 S.Ct. at 1157.

Because of the active involvement of deputy sheriff Esquivel, state action is shown. The inquiry, therefore, focuses on whether the private individuals, defendants Rios and Mendoza, willfully participated in a joint activity with deputy sheriff Esquivel, thereby assuming the character of state action. The only fact alleged in Count I concerning defendant Mendoza is that he owned the rental dwelling. The facts in Count I pertaining to defendant Rios is that she managed the rental dwelling and appeared at the dwelling with deputy sheriff Esquivel.

It is well established that bare conclusory allegations of "conspiracy" or "concerted action" will not suffice to withstand a motion to dismiss. *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir.1983) (per curiam); *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir.1983); *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir.1977); *Harley v. Oliver*, 539 F.2d 1143, 1146 (8th Cir.1976); *Tarkowski v. Bartlett Realty Co.*, 644 F.2d 1204, 1206 (7th Cir. 1980); *Weiss v. Willow Tree Civic Ass'n*, 467 F.Supp. 803, 811 (S.D.N.Y.1979). The factual basis supporting the existence of a conspiracy must be pled in some detail in civil rights actions. *Harley*, 539 F.2d at 1145. No facts have been alleged to show that defendants Mendoza and Rios agreed with deputy sheriff Esquivel or "acted in concert" with him. *Cruz v. Donnelly*, 727 F.2d 79 (3d Cir.1984). The allegation of a conspiracy is wholly conclusionary and does not state a claim upon which relief can be granted.

The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800, 808, 102 S.Ct. 2727, 2733, 73 L.Ed.2d 396 (1982) emphasized its "expectation that insubstantial lawsuits need

not proceed to trial. Unless the complaint states a compensable claim for relief . . . , it should not survive a motion to dismiss." (quoting *Butz v. Economou,* 438 U.S. 478, 507–08, 98 S.Ct. 2894, 2911–12, 57 L.Ed.2d 895 (1978)). Defendants Rios and Mendoza will be dismissed from Count I. If the plaintiffs have facts which specifically show a course of conduct or circumstantial evidence which would indicate willful participation in a joint activity by these defendants, they may amend Count I of their complaint within ten days of the date of this order to reflect those facts.

II. *Count II*

■ I am unable to find any allegations that defendants Rios and Mendoza participated with the Dona Ana County Sheriffs Department in creating any department policies. Count II pertains solely to Henry Diaz, Sheriff of Dona Ana County, for his alleged failure to develop investigative policies and his alleged failure to adequately train and supervise his staff. Because Count II related only to Sheriff Diaz and not to defendants Rios and Mendoza, defendants' motion to dismiss Count II is denied.

III. *Count III*

■ Although Count III is not a model of clarity, it may be surmised that plaintiffs are suing Dona Ana County and Dona Ana County Commissioners for maintaining a custom or policy of not investigating criminal complaints before initiating arrests. Defendants Rios and Mendoza are not named in Count III and the allegations in this count are not applicable to them. Because Count III relates solely to Dona Ana County and Dona Ana County Commissioners and not to defendants Rios and Mendoza, defendants' motion to dismiss Count III is denied.

IV. *Count IV*

■ In Count IV plaintiffs allege that Rios and Mendoza executed criminal complaints against the plaintiffs with the intention of intimidating them, thereby "abusing process." Defendants argue that these allegations fail to state a claim under either New Mexico law or 42 U.S.C. § 1983. The court notes that the defendants failed to address these contentions in their Brief in Opposition to Motion to Dismiss. Nevertheless, it is clear that private citizens do not become state actors just because they were complainants and witnesses and the police made an arrest. *Benavidez v. Gunnell,* 722 F.2d at 618; *Taylor v. Nichols,* 558 F.2d 561, 564 (10th Cir.1977); *Sami v. United States,* 617 F.2d 755, 774 (D.C.Cir. 1979); *McKinney v. George,* 726 F.2d 1183, 1190 (7th Cir.1984).

Having dismissed all of the federal claims against Rios and Mendoza, the next question is whether the court has jurisdiction to hear the state law claim of abuse of process. I must determine whether the doctrine of pendent jurisdiction extends to these defendants when there is no independent federal jurisdiction over them.

■ Federal courts are courts of limited jurisdiction. It is well established that federal courts have jurisdiction only when a case is within the judicial power of the United States, as defined by the Constitution, and Congress has exercised its authority in a jurisdictional grant. *Victory Carriers, Inc. v. Law,* 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971). This limitation stems from a federalism concern with maintaining the proper balance between federal and state powers, and a separation of powers concern with preventing usurpation by the federal courts of powers granted to Congress.

■ Justification for the doctrine of pendent jurisdiction lies in the consideration of judicial economy, convenience and fairness to the litigants. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). As the Supreme Court recognized in *Gibbs,* federal courts have constitutional power to exercise pendent jurisdiction when the state and federal claims derive from a common nucleus of operative fact, such that the plaintiff would ordinarily be expected

to try them all in one judicial proceeding, and when the federal claim has sufficient substance to confer subject matter jurisdiction on the court. *Id.* at 725, 86 S.Ct. at 1138. Thus, jurisdiction does not attach unless the claim for which jurisdiction is asserted meets the requirement of substantiality. *Mountain Fuel Supply Co. v. Johnson,* 586 F.2d 1375, 1382–83 (10th Cir. 1978).

■■■ Whether a claim is "substantial" is a jurisdictional question. In *The Fair v. Kohler Die and Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913), Justice Holmes analyzed the concept of jurisdiction:

> Jurisdiction is authority to decide the case either way. Unsuccessful as well as successful suits may be brought upon the act, and a decision that a patent is bad, whether on the facts or the law, is as binding as one that it is good. *See Fauntleroy v. Lum,* 210 U.S. 230, 235 [28 S.Ct. 641, 642, 52 L.Ed. 1039 (1908)]. No doubt if it should appear that the plaintiff was not really relying upon the patent law for his alleged rights, or if the claim of right were frivolous, the case might be dismissed. In the former instance the suit would not really and substantially involve a controversy within the jurisdiction of the court, *Excelsior Wooden Pipe Co. v. Pacific Bridge Co.,* 185 U.S. 282, 287, 288 [22 S.Ct. 681, 682, 683, 46 L.Ed. 910 (1902)], and in the latter the jurisdiction would not be denied, except possibly in form. *Deming v. Carlisle Packing Co.,* 226 U.S. 102, 109 [33 S.Ct. 80, 83, 57 L.Ed. 140 (1912)]. But if the plaintiff really makes a substantial claim under an act of Congress there is jurisdiction whether the claim ultimately be held good or bad.

Justice Black, in *Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 776–77, 90 L.Ed. 939 (1946) further clarified the distinction between dismissal for lack of jurisdiction and dismissal for failure to state a claim:

> Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction. *Swafford v. Templeton,* 185 U.S. 487, 493, 494 [22 S.Ct. 783, 785, 786, 46 L.Ed. 1005 (1902)]; *Binderup v. Pathe Exchange,* 263 U.S. 291, 305–08 [44 S.Ct. 96, 98–99, 68 L.Ed. 308 (1923)]. The previously carved out exceptions are that a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous. (Footnote omitted.)

It is important, therefore, not to confuse the question of whether jurisdiction exists with the question of whether the complaint states a cause of action. *Montana-Dakota Utilities Co. v. Northwestern Public Service Co.,* 341 U.S. 246, 249, 71 S.Ct. 692, 694, 95 L.Ed. 912 (1951). *See generally Jr. C. of C., Rochester, Inc. v. U.S. Jaycees, Tulsa, Okla.,* 495 F.2d 883, 886 (10th Cir. 1974). A court may have jurisdiction even though a cause of action is meritless. *Payne v. Government of the District of Columbia,* 559 F.2d 809, 816 (D.C.Cir. 1977).

■■■ It is a well established principle that lack of jurisdiction can be raised at any time. *See, e.g., American Fire and Cas. Co. v. Finn,* 341 U.S. 6, 17–18, 71 S.Ct. 534, 541–42, 95 L.Ed. 702 (1951). The determination of whether a federal claim is substantial, however, should be

measured at the outset of the litigation and on the pleadings rather than by developments at trial. *Rosado v. Wyman,* 397 U.S. 397, 404, 90 S.Ct. 1207, 1213, 25 L.Ed.2d 442 (1970); *Mid-West Underground Storage, Inc. v. Porter,* 717 F.2d 493, 500 (10th Cir.1983). A claim is insubstantial for jurisdictional purposes only if " 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy.' " *Hagans v. Lavine,* 415 U.S. 528, 538, 94 S.Ct. 1372, 1379, 39 L.Ed.2d 577 (1974), (quoting *Hannis Distilling Co. v. Baltimore,* 216 U.S. 285, 288, 30 S.Ct. 326, 327, 54 L.Ed. 482 (1910) ). Because federal court's jurisdiction over state law claims is derivative of its jurisdiction over the federal claim, if the federal claim is insubstantial, the court lacks jurisdiction to adjudicate the pendent claim.

 The Court in *Gibbs* admonished that, although the court has the constitutional authority to adjudicate the pendent claims, "if the federal claims are dismissed before trial even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." 383 U.S. at 726, 86 S.Ct. at 1139. The Court was careful to note that the power need not be exercised in every case and that pendent jurisdiction is "a doctrine of discretion, not of plaintiff's rights." *Id.* A court's discretion, however, is not unfettered. It may not be left to the court's "inclination, but to its judgment; and its judgment is to be guided by sound legal principles." *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 416, 95 S.Ct. 2362, 2371, 45 L.Ed.2d 280 (1975) (quoting *United States v. Burr,* 25 F.Cas. 30, 35 (C.C.Va.1807) (Marshall, C.J.) ). In general, absent exceptional circumstances, a federal court should refrain from exercising pendent jurisdiction over state law claims when the federal claims have been disposed of by either dismissal under Fed.R.Civ.P. 12(b)(6), *Kavit v. A.L. Stamm & Co.,* 491 F.2d 1176, 1180 (2d Cir.1974) or on summary judgment under Fed.R.Civ.P. 56. *Central Nat. Bank v.*

*Rainbolt,* 720 F.2d 1183, 1187 (10th Cir. 1983); *McMann v. Northern Pueblos Enterprises,* 594 F.2d 784, 786 (10th Cir.1979), *Nolan v. Meyer,* 520 F.2d 1276, 1280 (2d Cir.1975); *Baurer v. Planning Group, Inc.,* 669 F.2d 770, 774 n. 16 (D.C.Cir.1981). A federal court justifiably may retain jurisdiction of the pendent state law claims if substantial time and energy have been expended on the case prior to disposition of the federal claims, *Rosado v. Wyman,* 397 U.S. at 404, 90 S.Ct. at 1213; *Mendoza v. K–Mart, Inc.,* 587 F.2d 1052, 1057 (10th Cir.1978); *Transok Pipeline Co. v. Darks,* 565 F.2d 1150, 1155 (10th Cir.1977); *Transcontinental Leasing v. Michigan Nat. Bank of Detroit,* 738 F.2d 163, 166 (6th Cir.1984); *Aydin Corp. v. Loral Corp.,* 718 F.2d 897, 903–04 (9th Cir.1983); or if the state law claims would be time-barred in state court. *Quality Foods v. Latin Am. Agribusiness Devel.,* 711 F.2d 989, 999 (11th Cir.1983); *Pharo v. Smith,* 625 F.2d 1226, 1227 (5th Cir.1980); *O'Brien v. Continental Illinois Nat. Bank,* 593 F.2d 54, 65 (7th Cir.1979).

The Supreme Court in *Aldinger v. Howard,* 427 U.S. 1, 2–3, 96 S.Ct. 2413, 2414–15, 49 L.Ed.2d 276 (1976) examined the issue of whether a federal court has pendent jurisdiction "over a party as to whom no independent basis of federal jurisdiction exists." The Court ruled that in a 42 U.S.C. § 1983 civil rights action, a county, which was not then considered a "person" under the statute, could not be included as a pendent party in order to assert a state law claim, even though the claim arose from the same facts that gave rise to the § 1983 action. Integral to the Court's reasoning was the observation that the proposed pendent party was excluded by the statute which formed the basis of the federal claim. 427 U.S. at 16, 96 S.Ct. at 2421. "Before it can be concluded that such jurisdiction exists, a federal court must satisfy itself not only that Article III permits it, but that Congress in the statutes conferring jurisdiction has not expressly or by implication negated its existence." *Id.* at 18, 96 S.Ct. at 2422. The Court noted,

however, that the exercise of pendent jurisdiction may not offend Article III when the statutory grant of subject matter jurisdiction does not explicitly or implicitly negate it. *Id; accord, Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978) (no pendent party jurisdiction under diversity statute for nondiverse parties).

There is dictum in *Aldinger* suggesting that a court may properly consider whether the statute grants exclusive federal jurisdiction in deciding whether jurisdiction is proper. 427 U.S. at 18, 96 S.Ct. at 2422. Some courts, including the Tenth Circuit, have allowed pendent jurisdiction in cases where the statute confers exclusive jurisdiction over the federal claim, reasoning that only in federal court may all of the claims be tried together. *See, e.g., Stewart v. United States*, 716 F.2d 755, 757–59 (10th Cir.1982); *Transok Pipeline Co. v. Darks*, 565 F.2d at 1154; *North Dakota v. Merchants Nat'l Bank and Trust Co.*, 634 F.2d 368, 374 (8th Cir.1980); *Ortiz v. United States*, 595 F.2d 65, 72 (1st Cir.1979); *Dick Meyers Towing Service, Inc. v. United States*, 577 F.2d 1023, 1024 (5th Cir. 1978); *Pearce v. United States*, 450 F.Supp. 613, 618 (D.Kan.1978).

The Tenth Circuit applied *Aldinger* and *Owen* strictly against the exercise of jurisdiction in *National Ins. Underwriters v. Piper Aircraft*, 595 F.2d 546 (10th Cir. 1979). Jurisdiction was denied in that diversity case because the claims against the proposed pendent parties did not satisfy the $10,000 jurisdictional prerequisite of 28 U.S.C. § 1332(a). "Since Congress in 28 U.S.C. § 1332(a) negated jurisdiction as to parties against whom plaintiff had a claim insufficient in amount, this court must hold that the district court did not have the power to exercise pendent party jurisdiction over defendants Aetna or Mr. Phelps." 595 F.2d at 551. The Third Circuit has incorporated the *Aldinger* analysis in its test for determining when a court may exercise pendent jurisdiction. *See Ambromovage v. United Mine Workers of America*, 726 F.2d 972, 989–90 (3rd Cir.1984).[1]

██ The principles established in *Gibbs* and *Aldinger* indicate that a federal court may decide non-federal claims when the following factors are satisfied:

(1) the federal and non-federal claims arise from a common nucleus of operative fact;

(2) the federal claims have "substance;"

(3) the claims would ordinarily be expected to be tried in one judicial proceeding; and

(4) Congress has not expressly or by implication negated the exercise of jurisdiction over the non-federal claims.

*Gibbs*, 383 U.S. at 725, 86 S.Ct. at 1138; *Aldinger*, 427 U.S. at 18, 96 S.Ct. at 2422; *Owen*, 437 U.S. at 373, 98 S.Ct. at 2402.

██ Applying these principles to the present case, I determine that the court lacks jurisdiction to hear the pendent claim. Although the federal claims and state law claim arise from a common nucleus of operative fact, the federal claims lack substance and Congress, by implication, has negated the exercise of jurisdiction over the state law claim.

The federal claims in Count I are insubstantial as they relate to Rios and Mendoza because it is well established that 42 U.S.C. § 1983 requires action under color of law. An examination of Count I quickly reveals

---

1. The Court in *Owen* appears to have dictated such an analysis. The Court stated:

The *Aldinger* and *Zahn* [*International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973) ] cases thus make clear that a finding that federal and nonfederal claims arise from a "common nucleus of operative fact," the test of *Gibbs*, does not end the inquiry into whether a federal court has power to hear the nonfederal claims along with the federal ones. Beyond this constitutional minimum, there must be an examination of the posture in which the nonfederal claim is asserted and of the specific statute that confers jurisdiction over the federal claim, in order to determine whether "Congress in [that statute] has ... expressly or by implication negated" the exercise of jurisdiction over the particular nonfederal claim. *Aldinger v. Howard, supra* [427 U.S.] at 18 [96 S.Ct. at 2422]. 437 U.S. at 373, 98 S.Ct. at 2402.

that this essential element is lacking. It is also readily apparent that the federal claim contained in Count IV is foreclosed by prior decisions and, therefore, is also insubstantial.

It may be deduced from § 1983 that Congress has negated the exercise of jurisdiction over plaintiffs' state law claim. The statutory language of § 1983 limits its application only to defendants acting under "color of law." Thus, under § 1983, Congress intended the federal courts to exercise jurisdiction only when the defendants have acted under color of law. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838, 102 S.Ct. 2764, 2769, 73 L.Ed.2d 418 (1982). The inference is clear: Congress intended to negate the exercise of jurisdiction over all parties who have not acted under color of law. *Expressio unius est exclusio alterius.*

Another factor which would permit the exercise of pendent jurisdiction is not present here. Absent a grant of exclusive federal jurisdiction, which is not found in § 1983, a plaintiff with both a federal and a state claim can find a forum in state court for the resolution of the entire controversy. State courts are likewise charged with enforcing the United States Constitution. *Hagans v. Lavine*, 415 U.S. 528, 559, 94 S.Ct. 1372, 1390, 39 L.Ed.2d 577 (1974). Thus, "the efficiency plaintiff seeks so avidly is available without question in the state courts." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. at 376, 98 S.Ct. at 2404 (quoting *Kenrose Mfg. Co. v. Fred Whitaker Co.*, 512 F.2d 890, 894 (4th Cir.1972) ).

"The limits upon federal jurisdiction, whether imposed by the constitution or by Congress, must be neither disregarded nor evaded." *Owen Equipment & Erection Co.*, 437 U.S. at 374, 98 S.Ct. at 2403. Because of the constraints of 42 U.S.C. § 1983, the state law claims against Rios and Mendoza cannot rest on the doctrine of pendent jurisdiction. This conclusion is consistent with the Ninth Circuit's holding in *Windward Partners v. Ariyoshi*, 693 F.2d 928 (9th Cir.1982) where pendent juris-

diction was found to be lacking after the § 1983 conspiracy allegation against private individuals was dismissed by the district court.

The court is aware that plaintiffs may be able to assert facts sufficient to maintain their conspiracy claim in Count I. If plaintiffs are able to allege facts to support independent federal jurisdiction over Rios and Mendoza, I will reconsider the dismissal of the pendent state claim.

An order will be entered consistent with this opinion.