**Freda STEELE, James Steele, and Harold Hovander, Plaintiffs,**

**v.**

**Robert T. STEPHAN, et al., Defendants.**

**Civ. A. No. 85–4341–S.**

United States District Court, D. Kansas.

March 27, 1986.

Margie J. Phelps, Phelps-Chartered, Fred W. Phelps, Topeka, Kan., for plaintiffs.

Wm. Scott Hesse, Asst. Atty. Gen., Topeka, Kan., for Robert T. Stephan.

Craig C. Blumreich, Benfer & Farrell, Topeka, Kan., for Richard Malek and Morris County.

McDowell, Rice & Smith, Chtd., E. Dwight Taylor, Wichita, Kan., for Manhattan Production Credit Ass'n.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant Manhattan Production Credit Association's [MPCA] Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for a failure to state a claim upon which relief may be granted, pursuant to Rules 12(b)(6), Federal Rules of Civil Procedure. Defendant Stephan has also filed a Motion to Dismiss on the basis of the grant of Eleventh Amendment immunity to state officials. This action was brought by the plaintiffs for money damages pursuant to 42 U.S.C. § 1983, and § 1988.

■ The court will first address plaintiff's objection to MPCA's Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted and their motion, alternatively, for Additional Time in which to respond to said motion. Specifically, plaintiff's claim that since defendants had previously filed a pre-answer motion pursuant to 12(b)(1) on September 28, 1985, which was responded to by plaintiff's on October 2, 1985, these defendants should be estopped from filing another motion pursuant to Rule 12(b)(6). The plaintiffs cite Rule 12(g) as authority, stating that any defense that is available at the time of the original motion that is not included may not be the basis of a second pre-answer motion. The court notes that plaintiffs failed to read the exception stated in Rule 12(h)(2), which states that a defenses's Rule 12(b)(6) motion for failure to state a claim upon which relief may be granted may be made in any pleading permitted or by motion for judgment on the pleadings or at the trial on the merits. The plaintiffs will note that a defense of failure to state a claim upon which relief may be granted is an exception to the consolidation of defenses stated in Rule 12(g). The court, therefore, finds that defendant's motion for dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted is properly before the court.

■ The court also finds that plaintiffs' alternative motion for a leave of fifteen (15) days to file a response should not be granted. The court notes that in plaintiffs' response to defendant's motion to dismiss pursuant to Rule 12(b)(1), the plaintiffs address the issues raised under the defendant's subsequent motion. The court finds it unnecessary, therefore, for plaintiffs to be given additional time to respond to defendant's motion pursuant to Rule 12(b)(6).

In MPCA's and John Doe's Motion to Dismiss pursuant to Rule 12(b)(1), defendants contend that the court lacks jurisdiction over the subject matter as against these defendants. Defendants claim that jurisdiction over these defendants is achieved solely through "pendent party jurisdiction", and is inappropriate under these facts. Specifically, the defendants cite the case of *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976) for the proposition that the United States Supreme Court has clearly decided against allowing pendent party jurisdiction in civil rights cases. Part of the basis upon which defendants claim that jurisdiction is brought solely under the doctrine of pendent party jurisdiction is their claim that the defendants' actions were not under color of state law. Plaintiffs contradict such a claim and state that private persons or corporations may act under color of state law and thus be liable under 42 U.S.C. § 1983. Plaintiffs claim that their complaint unquestionably alleges that the defendants MPCA and Doe, while private defendants, acted in concert and were involved in joint activity with the police and thus were under color of state law.

Defendants controvert plaintiffs' claim that they were acting under state law. Specifically, defendants claim that there have been insufficient allegations to support a finding that the private conduct of the defendants should be transformed into actions of the state. The defendants con-

tend that plaintiffs have not pled the required sufficient factual allegations suggesting a "meeting of the minds" between state officials and the defendants to utilize a § 1983 claim.

In considering a motion to dismiss, the factual allegations of the complaint must be taken as true and all reasonable inferences must be indulged in favor of the plaintiff. *Mitchell v. King,* 537 F.2d 385 (10th Cir.1976); *Dewell v. Lawson,* 489 F.2d 877 (10th Cir.1974). A complaint should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The question is not whether a plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

 The Supreme Court has insisted that the conduct of a private actor allegedly causing the deprivation of a federal right may be fairly attributable to the state. *Lugar v. Edmondson Oil Company,* 457 U.S. 922, 941, 102 S.Ct. 2744, 2756, 73 L.Ed.2d 482 (1981). The first question is whether the claimed deprivation has resulted from the exercise of a right or a privilege having its source in a state authority. The second question is whether, under the facts, defendant who is a private party may be appropriately characterized as a state actor. *See Lugar,* 457 U.S. at 939, 102 S.Ct. at 2754. The defendants try to distinguish the decision in *Lugar,* stating that *Lugar* did not involve a § 1983 action arising out of enforcement of a judgment, rather it involved a creditor's use of an alleged unconstitutional pre-judgment attachment statute. The court finds that because the plaintiff in this case has not alleged any constitutional attack on any Kansas statute, and because he alleges that the enforcement of judgment was not performed in accordance with the requirements of Kansas law, the court finds he fails to present a valid cause of action under § 1983. See *Long v. Citizens Bank & Trust Co. of Manhattan,* 563 F.Supp. 1203, 1215, (D.Kan., 1983). The court agrees with the defendant that the holding in *Lugar* is limited to the particular context of pre-judgment attachment. *See Lugar,* 457 U.S. at 939 n. 21, 102 S.Ct. at 2755 n. 21. In this note, the Supreme Court states that: "We do not hold today that 'a private party's mere invocation of state legal procedures constitutes "joint participation" or "conspiracy" with state officials satisfying the § 1983 requirement of action under color of law'." *Id.*

The court in *Long v. Citizens Bank & Trust Co.* explains the *Lugar* test.

> Only when the private party creditor has properly invoked the statutory scheme and met its requirements may the deprivation of a property interest properly be traced to that scheme, and only then would the injured party have standing to challenge the constitutionality of that scheme. The interrelationship between these observations in the first part of the *Lugar* test is apparent: The "exercise of some right or privilege created by the state or by a rule of conduct imposed by the state or by a person for whom the state is responsible" requires that the state provide a right of privilege and that the creditor *properly* invoke it. Abuse or misuse of a right or privilege is not the exercise of that right or privilege, and the constitutionality of the state's effort to provide that right or privilege cannot properly be challenged when it has not been exercised.

*Long,* 563 F.Supp. at 1215 (emphasis in the original).

 It is further noted that conclusory allegations of conspiracy or concerted action with state officials will not suffice to withstand motions to dismiss. *See Stephenson v. Esquivel,* 614 F.Supp. 986, 989 (N.M.1985). The court finds the decision in *Stephenson* instructive as to its determination of whether the defendants were acting under color of state law. In *Stephenson,* an action was brought as a result of an eviction of the plaintiff by a defendant,

who was the landlord of the residence, and the local sheriff. The plaintiffs were not given notice of eviction or an opportunity to be heard prior to the sheriff and the landlord-defendant evicting the plaintiffs from their residence. In *Stephenson,* the court found that there were no facts which were alleged to show that the private defendant agreed with the sheriff as to the action taken or acted in concert with him. *See id.* at 989. Therefore, the court granted the private defendant's motion to dismiss.

The court notes that paragraph 11 of plaintiff's complaint dealing with MPCA and John Doe alleges that they committed "numerous torts and other violations of the law against the plaintiffs ... (a) unreasonable search and seizure; (b) destruction of property included fences and gates; (c) false imprisonment and detention of male plaintiffs; and (d) conversion of eleven head of cattle owned by plaintiff ... (e) confiscation and misappropriation of James Steel's funds ..." The court finds no allegations which suggest concerted effort between the sheriff of Morris County and the MPCA or John Doe. Therefore, the court finds that MPCA and John Doe's Motion to Dismiss for Failure to State a Cause of Action under § 1983 should be granted.

■ The next inquiry which the court must make is whether the court should exercise pendent party jurisdiction over MPCA and John Doe for the state law claims of the plaintiff. The Supreme Court in *Aldinger v. Howard,* 427 U.S. 1, 14, 96 S.Ct. 2413, 2420, 49 L.Ed.2d 276 (1976), examine the issue of whether a federal court has pendent jurisdiction "over a party as to whom no independent basis of federal jurisdiction exists." *Id.* In denying pendent party jurisdiction in *Aldinger,* the court stated

[I]t is one thing to authorize two parties, already present in federal court by virtue of a case over which the court has jurisdiction, to litigate in addition to their federal claim a state-law claim over which there is no independent basis of

federal jurisdiction. But, it is quite another thing to permit a plaintiff, who has asserted a claim against one defendant with respect to which there is federal jurisdiction, to join an entirely different defendant on the basis of a state-law claim over which there is no independent basis for federal jurisdiction, simply because his claim against the first defendant and his claim against the second defendant "derive from a common nucleus of operative facts."

427 U.S. at 14, 96 S.Ct. at 2420 (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

A subsequent decision in *Finch v. Mississippi State Medical Association, Incorporated,* 585 F.2d 765 (5th Cir.1978) reasserts the *Aldinger* decision holding that there is no federal jurisdiction over "pendent parties" in a § 1983 suit, only pendent claims. 585 F.2d at 780. In light of the decision in *Aldinger* and its progeny, the court finds that the exercise of pendent party jurisdiction over MPCA and John Doe is not proper in this case. The court therefore finds that the motions of MPCA and John Doe pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure should be granted.

■ Defendant Robert T. Stephan has filed a Motion to Dismiss, claiming that the Eleventh Amendment to the United States Constitution precludes this court from exercising jurisdiction over him. He claims that the eleventh amendment grants him immunity from damages in any action brought by any citizen. Defendant Stephan claims that the plaintiffs are only bring suit against Stephan in his official capacity as Attorney General of the State of Kansas, and not in his individual capacity. Defendant contends that the eleventh amendment bars any recovery against Stephan in his official capacity. Plaintiffs, in response, state that the complaint makes clear that the defendant Stephan has been sued for alleged violations under color of state law and in his individual capacity. Thus, plaintiffs claim that Stephan is not

entitled to eleventh amendment immunity. The United States Supreme Court and the Tenth Circuit make clear that the eleventh amendment is no shield for a state official confronted by a claim that he deprived another of a federal right under color of state law. *See Beck v. Kansas University Psychiatry Foundation,* 580 F.Supp. 527, 537 (D.Kan.1984) (citing *Scheuer v. Rhoades,* 416 U.S. 232, 237, 94 S.Ct. 1683, 1687, 40 L.Ed.2d 90 (1974)). Thus, while the plaintiffs can seek no damages from the defendant Stephan in his official capacity, damages may be a permissible remedy against Stephan in his individual capacity. *Beck,* 580 F.Supp. at 538 (citing *Myers v. Anderson,* 238 U.S. 368, 35 S.Ct. 932, 59 L.Ed. 1349 (1915)). When viewing plaintiffs' complaint in the light most favorable to him, the court finds that plaintiffs have sued defendant Stephan in both his individual and official capacity. Within Stephan's official capacity, he is immune from suit. As to the claims against Stephan individually, if plaintiffs had alleged only that this defendant acted within the scope of his authority, he would be immune under the eleventh amendment. But, since alternative pleading is allowed under the Federal Rules of Civil Procedure, and the plaintiffs have sufficiently pled in the alternative, the defendant Stephan's Motion to Dismiss on the basis of eleventh amendment immunity will be denied. See *Beck,* 580 F.Supp. at 538.

IT IS BY THE COURT THEREFORE ORDERED that MPCA's and John Doe's Motion to Dismiss, pursuant to Rule 12(b)(1) and 12(b)(6) is hereby granted. IT IS FURTHER ORDERED that defendant Stephan's Motion to Dismiss on the basis of eleventh amendment immunity will be denied.