**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 26, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARCUS A. MALEY,

      Plaintiff - Appellant,

v.

STATE OF KANSAS; SAM
BROWNBACK, Governor, State of
Kansas; and DEREK SCHMIDT,
Attorney General,

      Defendants - Appellees.

No. 13-3213

(D.C. No. 2:13-CV-02374-SAC-JPO)

(D. of Kan.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.[**]

Marcus Maley, proceeding *pro se* and *in forma pauperis*, appeals from

dismissal of his 42 U.S.C. § 1983 civil rights complaint. We have jurisdiction

under 28 U.S.C. § 1291, and AFFIRM.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Maley alleges that the State of Kansas, the Governor of Kansas, and the Kansas Attorney General denied him protection and assistance from domestic terrorism and murder, and violated his rights through police misconduct, gross negligence, omission, and tyranny. He demanded $350,000,000 to compensate him for his alleged injuries. The district court denied Maley's motion to proceed *in forma pauperis* (IFP) and dismissed the complaint for failure to state a claim on which relief may be granted.

We review de novo the district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e) for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action" accompanied by "mere conclusory statements" offered as evidence are not sufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

We can discern no well-pleaded allegation of a violation of Maley's constitutional rights. Mr. Maley has no constitutional right to the State Attorney General's representation in claims against law enforcement officers. *See Dreyer v. Siler*, 308 P.2d 127, 129–30 (1957); *State ex rel. Foster v. City of Kansas City*, 350 P.2d 37, 40–41 *cert. denied*, 363 U.S. 831 (1960). And his other claims lack any factual basis of support.

In addition, the parties Maley has sued are likely to be immune from suit under Section 1983. Maley has sued the State of Kansas, as well as the Kansas Attorney General and the Governor of Kansas in their official capacities. The Kansas Attorney General is the "chief law officer of the state" and therefore is entitled to the same immunity under the Eleventh Amendment as the State itself. *See State v. Finch*, 280 P. 910, 911 (1929); Kan. Stat. Ann. §§ 75-702, 708 (2013); *see also Steele v. Stephan*, 633 F. Supp. 950, 953–54 (D. Kan. 1986) (Kansas Attorney General immune from Section 1983 suit when sued in his official capacity).

Maley also moves for leave to proceed IFP on this appeal. To succeed on his motion, Maley "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Because Maley has failed to raise a reasoned, nonfrivolous argument, his IFP request is denied.

The district court's dismissal order is AFFIRMED, and Maley's motion to proceed IFP is DENIED.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge